IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRAVEEN KHARB,

                                                    OPINION AND ORDER
                    Petitioner,

                                                        21-cv-797-bbc
            v.

LIZZIE TEGELS,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Praveen Kharb pleaded no contest to one count of first-degree sexual assault of a child and seven counts of possession of child pornography, in Marathon County case number 2014CF388. He has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, contending that his conviction is invalid and his no-contest plea should be withdrawn for several reasons. The habeas petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." As explained below, I am dismissing the petition because petitioner's claims are barred by the doctrine of procedural default.

1

BACKGROUND

The following facts are taken from the petition and the state court records provided by petitioner.

In Marathon County case number 2014CF388, petitioner was charged with seven counts of sexual exploitation of a child and seven counts of possession of child pornography. The underlying allegations accused petitioner of developing an online relationship with a 12-year old girl, with whom he exchanged sexually explicit photographs.  He eventually traveled from Washington state to Wisconsin and had sexual intercourse with the girl.  Petitioner pleaded no contest to one count of first-degree sexual assault of a child and seven counts of possession of child pornography.  In exchange for the plea, the state dismissed the remaining counts with a read-in at sentencing, recommended seven years of prison confinement with 20 years of extended supervision and agreed not to pursue additional charges relating to petitioner's relationship with the victim.  As part of the plea agreement, petitioner agreed to withdraw all his pending motions, waived his right to appeal and agreed not to contest any deportation proceedings.  The circuit court sentenced petitioner to 15 years of imprisonment to be followed by 15 years of extended supervision.

Petitioner, through counsel, filed a motion for postcoviction relief.  He argued that: (1) a provision of his plea agreement regarding his appeal waiver was ambiguous; (2) the circuit court did not conduct an adequate colloquy regarding the appeal waiver provision; and (3) his trial counsel was ineffective for failing to provide him an adequate

explanation of the appeal waiver provision.  He also sought sentence modification based on errors in the presentence investigation report.  The circuit court denied petitioner's motion for postconviction relief, the court of appeals affirmed the judgment on direct appeal, and the Wisconsin Supreme Court denied petitioner's request for review.

Petitioner then filed a pro se motion for postconviction relief under Wis. Stat. § 974.06 in the circuit court.  He argued that he should be permitted to withdraw his plea because: (1) his plea to sexual assault was unsupported by a factual basis; (2) he did not understand the "purpose" element of the first-degree sexual assault charge; (3) he did not know the value of the agreement that he would not be prosecuted in Washington state; and (4) his agreement not to contest deportation proceedings violated the Supremacy Clause of the United States Constitution.  He also argued that his appellate counsel was ineffective for failing to raise those arguments on direct appeal.  The trial court denied the motion, concluding that petitioner's claims were procedurally barred by Wis. Stat. § 974.06(4).    Under that statutory provision, and as explained in State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), a defendant may not raise an argument in a subsequent postconviction motion that was not raised in a previous postconviction motion or direct appeal without showing "sufficient reason" for his failure to raise the argument earlier.

Petitioner appealed. The state appellate court affirmed the circuit court's decision, agreeing that his claims were procedurally barred under § 974.06(4) and Escalona-Naranjo.   Dkt. #1-2 at 5.   The appellate court acknowledged that the

ineffectiveness of postconviction or appellate counsel could sometimes qualify as "sufficient reason" for failing raise an argument earlier, but it concluded that petitioner's postconviction counsel was not ineffective for pursuing only the appeal waiver and sentencing issues.  Id.  Because petitioner did not receive ineffective assistance from his postconviction counsel, his new arguments were barred because he had not raised them in his first postconviction motion or on direct appeal.  The Wisconsin Supreme Court summarily denied petitioner's petition for review.  Petitioner then filed a federal habeas petition.


OPINION

Petitioner contends that his no-contest plea should be vacated and his conviction overturned because: (1) his plea was not knowing, intelligent or voluntary because he did not understand the purpose element of the first-degree sexual assault charge; (2) the provision in the plea agreement that he would not contest deportation proceedings violated the Supremacy Clause of the United States Constitution; (3) appellate counsel was ineffective for failing to argue for withdrawal based on petitioner's lack of understanding and the Supremacy Clause; (4) his plea lacked a factual basis; and (5) his trial counsel was ineffective during plea negotiations.

This court may grant habeas relief on the grounds identified by petitioner only if he demonstrates that he is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In deciding whether petitioner has made

this showing, this court looks to "the last reasoned state-court decision" that addressed his claims. Dassey v. Dittmann, 877 F.3d 297, 302 (7th Cir. 2017). In this case, that decision is the Wisconsin Court of Appeals' July 13, 2021 decision. Dkt. #1-2 at 2-7.

The state appellate court rejected petitioner's claims on the ground that his claims were procedurally defaulted under state law. When, as here, a state appellate court rejects a claim on state law grounds, the federal court must determine whether the state law grounds were both independent of the federal question and adequate to support the judgment. If so, federal habeas review of the claim is foreclosed. Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014) (citations omitted). In addition, if the state court rejected a claim because the petitioner did not meet state procedural requirements, the claim is procedurally defaulted and cannot be considered by this court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time – as state rules define those courts, ways, and times.").

The Wisconsin Court of Appeals did not decide the merits of petitioner's challenges to his plea because it concluded that all of the above claims were procedurally defaulted. Petitioner had failed to raise them in his initial postconviction motion or on direct appeal, as required by Wis. Stat. § 974.06(4) and Escalona-Naranjo, 185 Wis. 2d at 185, and he did not provide sufficient reason for his failure to do so. The state appellate court clearly and expressly relied on procedural default as the basis of its ruling,

and the procedural basis was an adequate and independent ground for its decision.  Perry v. McCaughtry, 308 F.3d 682, 690 (7th Cir. 2002).  The Court of Appeals for the Seventh Circuit has long recognized that the requirement of § 974.06(4) and Escalona-Naranjo is an adequate and independent state procedural ground precluding federal habeas review.  Id. at 690-92; Howlett v. Richardson, 729 Fed. App'x 461, 465 (7th Cir. 2018).

Because the state appellate court's decision was based on a state procedural rule that is independent of petitioner's constitutional claims, this court cannot address the merits of petitioner's claims of ineffective assistance of trial counsel unless petitioner can overcome his procedural default by showing cause and prejudice or a fundamental miscarriage of justice.  Thomas v. Williams, 822 F.3d 378, 384 (7th Cir. 2016) (quoting Coleman, 501 U.S. at 750).  Petitioner argues that his postconviction counsel's failure to challenge the knowing, voluntary, and intelligent nature of his plea in his initial postconviction motion constitutes cause and actual prejudice for the default.  However, the Wisconsin Court of Appeals addressed this argument as well, albeit in the context of considering petitioner's procedural default under state law.

The state appellate court acknowledged that a postconviction counsel's ineffectiveness could, in some circumstances, constitute a sufficient reason for an additional postconviction motion.  However, it concluded that petitioner had failed to make the case of postconviction counsel's ineffectiveness under the constitutional standard in Strickland v. Washington, 466 U.S. 668 (1984).  Dkt. #1-2 at 4-5 (citing

State v. Romero-Georgana, 2014 WI 83, ¶¶ 35, 37, 360 Wis. 2d 522, 849 N.W.2d 668, 672 ("In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal."). In assessing whether petitioner's postconviction counsel had been ineffective, the state appellate court applied the well-established standard from Strickland and its progeny.

To prevail under the Strickland standard, a petitioner must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. Williams v. Taylor, 529 U.S. 362, 390-91 (2000). To demonstrate deficient performance, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. To demonstrate actual prejudice requires a petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When the Strickland standard is applied to the performance of postconviction counsel, the question is whether postconviction counsel failed to raise a claim that was clearly stronger than those actually presented to the appellate court. Minnick v. Winkleski, 15 F.4th 460, 471 (7th Cir. 2021) (citing Davila v. Davis, 137 S. Ct. 2058, 2067 (2017) ("Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court.")).

The state appellate court concluded that none of the claims that petitioner raised in his § 974.06 motion were "clearly stronger" than the claims that petitioner's postconviction counsel raised in his initial postconviction motion.  In doing so, the court correctly recognized that postconviction counsel was free to strategically select the strongest from among all the nonfrivolous claims available in order to maximize the likelihood of success.  Smith v. Robbins, 528 U.S. 259, 288 (2000).  The court noted that postconviction counsel's decision not to challenge the knowing, voluntary and intelligent nature of the plea was strategic, and was based on counsel's opinion that such a challenge would fail.  Dkt. #1-2, at 6. Counsel had explained to petitioner that a challenge to the voluntary, intelligent and knowing nature of the plea would be unsuccessful because during the plea colloquy, the trial judge reviewed the charges to which petitioner was pleading, the potential penalties for the charges, whether there was evidence to support the charges, the rights petitioner was giving up, and petitioner's ability to understand the court process.  Dkt. #1-2 at 6.  Postconviction counsel concluded that the trial court's plea colloquy was adequate, so there was no basis to challenge the plea.  The state appellate court stated that because counsel considered and decided strategically which arguments to raise, petitioner could not show that counsel's decision was ineffective and he could not establish sufficient reason for failing to raise his claims earlier. The court's analysis is a reasonable application of Strickland and Wisconsin's procedural default rules.   Petitioner cannot rely on ineffectiveness of postconviction counsel to show cause and prejudice for his default.

8

Petitioner also has failed to make a credible claim of actual innocence.  To qualify for the actual innocence exception to procedural default, a petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  Schlup v. Delo, 513 U.S. 298, 316 (1995).  This means that the petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  House v. Bell, 547 U.S. 518, 537 (2006); see also Arnold v. Dittmann, 901 F.3d 830, 837 (7th Cir. 2018).  Petitioner argues that he is actually innocent because he did not understand the purpose element of the sexual assault offense and because the victim did not accuse him of touching her with his hands or mouth.   These arguments are frivolous. Petitioner's charges and conviction were based on evidence showing that he traveled from Washington state to Wisconsin and had sexual intercourse with a 12-year old child. Sexual assault does not require contact with hands or mouth, Wis. Stat. § 948.01(5), and no reasonable juror would doubt that petitioner acted "for the purpose of sexually arousing or gratifying" himself, Wis. Stat. § 948.01(5)(b).  Petitioner has not identified any evidence that would undermine the victim's statement and his own plea, let alone *new* evidence that would prove his innocence.

Because petitioner is plainly not entitled to habeas relief, I will dismiss the petition without requesting a response from the state.  The only remaining question is whether to grant petitioner a certificate of appealability.  Under Rule 11 of the Rules Governing

Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case.  Petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court.  Because reasonable jurists would not debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1.  Petitioner's petition for habeas corpus under 28 U.S.C. § 2254 is DENIED for his failure to show that he is in custody in violation of Constitution or laws or treaties of the United States.

2.  Petitioner is DENIED a certificate of appealability.


Entered this 14th day of April, 2022.


BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge